UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACEY CHAMBLISS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARDEN RESTAURANTS, INC., d/b/a THE ) <br> OLIVE GARDEN, ) <br> ) <br> Defendant. | No. 1:12-cv-485-SEB-MJD |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY JUDICIAL PROCEEDINGS**

This cause is before the Court on Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings [Docket No. 6], filed on May 18, 2012.  Plaintiff, Stacey Chambliss, brings this action against her former employer, Defendant, Darden Restaurants, Inc., d/b/a The Olive Garden ("Darden"), alleging that she was discriminated against and subjected to a hostile work environment because of her race, in violation of Title VII of the Civil Rights Act, as amended, and 42 U.S.C. § 1981.  Defendant contends that, as a condition of her employment, Ms. Chambliss signed a valid arbitration agreement that requires her to arbitrate employment-related disputes, including discrimination and harassment claims, and thus requests that the Court compel Ms. Chambliss to pursue arbitration and stay this action pending completion of the arbitration.  For the reasons detailed in this entry, we <u>GRANT</u> Defendant's Motion.[1]

**I.      Factual Background**

---

[1] On July 18, 2012, Defendant filed a Motion to Strike Plaintiff's Response to Compel Arbitration and Stay Judicial Proceedings [Docket No. 10], arguing that it was untimely filed.   Because, for the reasons detailed below, we rule in favor of Defendant on its Motion to Compel Arbitration, Defendant's Motion to Strike Plaintiff's response in opposition is <u>DENIED AS MOOT</u>.

In October 2010, Ms. Chambliss began her employment with Darden. On October 26, 2010, as a condition of her employment, Ms. Chambliss signed a form acknowledging that she had received a copy of Defendant's Dispute Resolution Process ("DRP") booklet and that she agreed to the terms and conditions of the DRP, including that she "submit any eligible disputes [she] may have to the company's DRP and to abide by the provisions outlined in the DRP." Exh. 2 to Declaration of Melissa Ingalsbe ("Ingalsbe Decl."). Ms. Chambliss further acknowledged that she understood that the disputes covered by the DRP included "claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP." *Id.*

In May 2011, approximately eight months after beginning her employment with Darden, Ms. Chambliss was terminated for violating Darden's personal conduct and compatibility policy. Subsequently, Ms. Chambliss filed this action claiming that, while employed with Darden, she was passed over for multiple promotions, assigned less favorable tables as a server, and subjected to a hostile working environment because of her race. Through the instant motion, Darden argues that Ms. Chambliss must resolve her claims through arbitration, not a federal lawsuit.

**II.     Legal Analysis**

It is undisputed that Indiana law and the Federal Arbitration Act ("FAA") govern this dispute. Section 2 of the FAA provides that "[a written] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the

court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.  If arbitration is ordered, the court must also stay the proceedings until such arbitration occurs.  9 U.S.C. § 3.

To successfully compel arbitration "a party need only show: 1) an agreement to arbitrate, 2) a dispute within the scope of the arbitration agreement, and 3) a refusal by the opposing party to proceed to arbitration."  *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580-81 (7th Cir. 2006) (citations omitted).  Each of these elements is met here.

### A.     Agreement to Arbitrate

For purposes of the first element, an agreement to arbitrate must be in writing, "evidenc[e] a transaction involving interstate commerce," and satisfy state law.  9 U.S.C. § 2.  The DRP at issue here is a written instrument, and thus, meets the writing requirement.

The DRP also satisfies the interstate commerce requirement.  Darden operates throughout the United States and uses interstate transportation and communication to run its business.  Ingalsbe Decl. ¶ 2.  Because of these interstate activities, the scope of Ms. Chambliss's employment evidences interstate commerce.  *See Thompson v. Affiliated Computer Servs., Inc.*, No. 1:11-cv-1232, 2011 WL 5837174, at *1 (S.D. Ind. Nov. 18, 2011) ("The breadth of 'involving interstate commerce' is as expansive as that of the Commerce Clause.") (citing *Allied-Bruce Terminix Co.'s, Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995)).

Finally, the DRP complies with Indiana law.  To be enforceable, an arbitration agreement must be a valid contract.  *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997) (citations omitted).  Under Indiana law, a valid contract must contain an offer, acceptance, and consideration.  *Kreimer v. Delta Faucet Co.*, No. IP99-1507-C-TG, 2000 WL 962817, at *2 (S.D. Ind. June 2, 2000) (citing *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th

Cir. 1996)).  Here, Darden made an offer when it provided Ms. Chambliss a copy of the DRP, which outlined a method for resolving potential conflicts.  By signing the acknowledgement form in October 2010, Ms. Chambliss accepted the offer of the dispute-resolution method in writing.  The DRP is also supported by adequate consideration because both parties agreed to a limitation on the avenues available for dispute resolution; to wit, Ms. Chambliss agreed to arbitrate future disputes in exchange for continued employment and Darden in turn agreed to be bound by the arbitrator's agreement.  *See id.* at *3 ("In addition to the continued eligibility for at-will employment, consideration can also be found by way of [the defendant's] agreement to be bound by the arbitrator's decision, thereby waiving its right to seek judicial determination of a raised claim.") (citing *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 366, 368 (7th Cir. 1999) (holding that an arbitration agreement signed as a condition of employment was supported by adequate consideration because the plaintiff promised to arbitrate future disputes in exchange for continued employment and both parties were bound by the terms of the agreement)).

For these reasons, we hold that the DRP is an agreement to arbitrate, as contemplated within the FAA.

    **B.**    **Scope of the Agreement**

The instant dispute between Ms. Chambliss and Darden falls within the scope of the DRP.  The first page of the DRP clearly states that it applies to "all employment-related disputes or claims brought by the Employee against the Company or the Company against the Employee" and expressly includes, without limitation, disputes about "discrimination and harassment."  Exh. 1 to Ingalsbe Decl. at 1.  Additionally, the acknowledgement form that Ms. Chambliss signed provides as follows: "I agree as a condition of my employment, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in the DRP.  I

understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP." Exh. 2 to Ingalsbe Decl. The parties do not dispute that Ms. Chambliss's racial discrimination and harassment claims are within the scope of the DRP, and thus, the second element necessary for compelling arbitration is satisfied.

### C. Refusal to Arbitrate

Ms. Chambliss has opposed arbitration. She filed her lawsuit in federal court instead of proceeding according to the terms of the DRP and she does not dispute Darden's assertion that it made several attempts to obtain her agreement to move the matter to arbitration, but she refused to consent. Accordingly, we find that she has demonstrated an unwillingness to arbitrate, satisfying the third element necessary for compelling arbitration.

### D. Additional Grounds for Unenforceability

In her response in opposition to the instant motion, Ms. Chambliss contends that she should not be compelled to arbitration because the form she signed was not an agreement to be bound by the DRP but merely an "acknowledgement" that Darden has a policy whereby disputes between employee and employer are resolved. She argues that because she was not given the opportunity to negotiate the terms of the DRP or consult with counsel before executing the acknowledgment, "to call a unilateral requirement of employment an agreement is missing the mark a bit." Pl.'s Resp. at 1-2. Without further explanation or argument, Ms. Chambliss cites *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426 (5th Cir. 2004), in which the Fifth Circuit upheld a district court's ruling that an arbitration clause contained in a motor vehicle lease agreement was procedurally unconscionable under Mississippi law. However, that decision is not only factually distinguishable from the case at bar but is also not binding on this court. As

discussed above, courts applying Indiana law have found arbitration agreements analogous to the one before us that were signed under similar circumstances as those presented here to be enforceable. Ms. Chambliss's cursory and undeveloped argument provides no reason to deviate from those well-reasoned opinions.

### III.     Conclusion

For the foregoing reasons, we <u>GRANT</u> Defendant's Motion to Compel Arbitration and Stay Proceedings [Docket No. 6] and <u>DENY AS MOOT</u> Defendant's Motion to Strike Plaintiff's Response in Opposition to Motion to Compel Arbitration and Stay Proceedings [Docket No. 10]. If Plaintiff intends to pursue her claims, she must proceed as set forth in the DRP within thirty days. Pending further order of the Court, all proceedings in this action are hereby <u>STAYED</u>. This action shall be administratively closed on our docket pending arbitration. Defendant is ordered to file a status report within forty days indicating whether arbitration was initiated. If arbitration is not pursued, this action will be dismissed with prejudice.

IT IS SO ORDERED.

Date:   10/15/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Daniel Kyle Dilley
DILLEY & OAKLEY, P.C.
d.dilley@dilley-oakley.com

Brian Lee Mosby
LITTLER MENDELSON, P.C.
bmosby@littler.com

Scott James Preston
LITTLER MENDELSON, P.C.
spreston@littler.com